**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph L. Archambeault,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,[1]<br>Commissioner, Social Security<br>Administration,<br><br>    Defendants. | No. CV 06-0366-PHX-SMM<br><br>**MEMORANDUM OF DECISION<br>AND ORDER** |

Pending before the Court are Plaintiff Joseph L. Archambeault's Motion for Summary Judgment (Dkt. 18) and Defendant Michael J. Astrue, Social Security Administration Commissioner's Cross-Motion for Summary Judgment (Dkt. 22). After consideration of the arguments advanced by the parties, the Court finds the following.

**INTRODUCTION**

On May 7, 2002 Plaintiff filed an application for Disability Insurance Benefits (DIB). The claim was denied and Plaintiff appealed to the Administrative Law Judge (ALJ). Thereafter, a hearing was held on April 3, 2003, which then resulted in the issuance of an Unfavorable Notice of Decision by the ALJ on October 10, 2003. Consequently, Plaintiff

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

requested a review by the Appeals Council which was denied on December 8, 2005. Accordingly, Plaintiff now appeals to this court pursuant to 42 U.S.C. 405(g).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff's medical difficulties began in the 1980s when he was diagnosed with HIV. After his HIV diagnosis, Plaintiff was treated for one lesion, but has not displayed any other symptoms of the virus since that time (Exhibit 4F/4 and 18F).

During the 1990s Plaintiff was treated for a planum sphenoidale meningioma (Exhibits 5F and 6F). In August of 1999 Plaintiff underwent amma steriotactic radiation therapy in order to remove the tumor (Exhibit 16F/52). This surgery was successful in alleviating the symptoms related to the meningioma.

In 1994, Plaintiff injured his lower back while lifting a package which thereafter resulted in chronic lower back pain. In June of 2001, Plaintiff underwent surgery in an attempt to correct the resultant pain. However, Plaintiff subsequently reported that instead of alleviating his pain, the surgery actually aggravated his condition.

Plaintiff currently reports that he is limited to walking or working on a computer for periods of 20-30 minutes at a time and is forced to lay down for two to three hours following an hour and a half of activity at home. He is able to read, grocery shop, attend medical appointments, and care for his pets, but reports difficulty accomplishing all of these activities. He also finds that moving from a seated to standing position increases the magnitude of his pain. Leaning forward while walking, taking prescribed pain medications, and adjusting his position while seated all improve his level of pain, albeit minimally. The Plaintiff reports an average pain level of seven on a one to ten scale, which improves somewhat when he takes Percocet, medication that is prescribed for him. Plaintiff states that he finds the chronic pain very distracting and has become dependent upon the pain management medication with resultant memory problems.

On May 7, 2002 Plaintiff filed a claim for disability with the Social Security Administration (SSA) alleging he had become disabled on November 30, 2001. Subsequent

to exhausting all of the administrative remedies available to him, he requested a hearing. The April 3, 2003 hearing was held in front of Administrative Law Judge (ALJ) Joan Knight who, after hearing Plaintiff's testimony, issued an Unfavorable Notice of Decision on October 10, 2003. Although the ALJ found that Plaintiff had status post lumbar fusion for disc herniation, facet arthrosis, and was HIV positive, she found these to be non-severe impairments (AR at 25-27) and therefore did not find him disabled nor entitled to DIB (AR at 24-25). According to the ALJ, Plaintiff's complaints of pain, fatigue, and difficulty performing certain work activities were rejected because Plaintiff's medical history did not substantiate the intensity of pain and fatigue nor the degree of limitation claimed (AR at 28).

## STANDARD OF REVIEW

If the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standards, that decision must be affirmed by this Court. See Batson v. Comm'n of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). The Social Security Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C.A. § 405(g). Substantial evidence is defined as "more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990) citing Richardson v. Perales, 402 U.S. 389, 401 (1971).

To be supported by substantial evidence, an administrative determination must rest on adequate findings sustained by evidence having "rational probative force" or be "clear and convincing." In determining whether a decision rests on adequate findings a court must review the record as a whole considering elements such as credibility findings, vocational factors, medical evidence from treating and consulting physicians, the nature and extent of medical treatment, the extent to which the evidence is consistent, subjective complaints relating to impairments and functional limitations, daily activities and limitations, corroboration by other witnesses, and evidence of vocational experts when based on one or

more proper hypothetical questions. 2 Soc. Sec. Disab. Claims Prac. & Proc. § 22:13 (2nd ed.). The fact that the ALJ could have made different findings based on the evidence of record is irrelevant. 1 Soc. Sec. Disab. Claims Prac. & Proc. § 17:8 (2nd ed.).

## DISCUSSION

The ALJ found that Plaintiff, although seriously limited by his impairments, could still perform sedentary work that allowed him to alternate between sitting and standing positions and that such employment exists in the national economy in significant numbers (AR at 30-32). Plaintiff argues that in reaching that decision, the ALJ committed three errors that warrant summary judgment in Plaintiff's favor: (1) the ALJ did not properly analyze Plaintiff's medical history, usual daily activities, and other credibility factors, (2) the ALJ did not resolve actual or potential discrepancies among the various medical opinions presented, and (3) the ALJ failed to credit the opinions of treating physicians as required by Social Security policy and relevant case law. Therefore, Plaintiff concludes that the ALJ's decision is not supported by substantial evidence and should be overturned by this Court. The Court will now address each of these arguments.

**I.     CREDIBILITY**

Although it is true that, as Plaintiff argues, the ALJ cannot discredit subjective testimony simply because it is not supported by objective evidence, the Court finds that the ALJ has satisfied the requisite two-prong analysis and given "clear and convincing" reasons for her findings. "In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether Plaintiff has submitted medical evidence of an underlying impairment or group of impairments that "could reasonably be expected to produce pain or other symptoms." Id. at 1281-82. Second, the ALJ must decide whether there has been any malingering on the part of Plaintiff. See Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir. 1986). The ALJ may then reject Plaintiff's testimony by clearly stating the findings that led her to such a conclusion. Smolen, 80 F.3d at 1284. Here the ALJ has

satisfied the requisite two-step analysis. The ALJ concludes that although there may be impairments present that could reasonably be expected to produce pain, the degree of pain Plaintiff is claiming is not congruent with the daily activities described.

### A. Plaintiff's symptoms were alleviated by treatment

There is substantial evidence in the record that Plaintiff's symptoms were alleviated by surgery and subsequent facet injections, such that Plaintiff is able to participate in gainful employment that exists in the national economy. It is for the ALJ to resolve conflicting testimony and weigh credibility. Sample v. Schweiker, 694 F.2d 639 (9th Cir. 1982). During the hearing held before the ALJ, Plaintiff stated that he "feel[s] [his back] is in worse condition than ... what it was  before [he] had surgery" (AR at 605). However, during an October, 2001 visit to Dr. Maxwell, four months following Plaintiff's surgery, Plaintiff stated that the facet injections had helped "quite a bit" and he wanted to return to work. During a subsequent November 20, 2001 appointment, Plaintiff stated that he had "improved somewhat" due to the facet injections. The fact that further pain blocks were ordered, medications continued, and subsequent surgery planned does not lead to the conclusion that there was no progress being made or that  Plaintiff's symptoms were not alleviated to any degree. Plaintiff argues that despite the improvement,  his impairment would still seriously affect his work. However, for a Plaintiff to be eligible for DIB, his impairments must not only *seriously* affect his work, but the impairments must impede him from "*any* other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added). Based on *all* of Plaintiff's testimony, the ALJ found Plaintiff was still well-suited for sedentary work despite the fact that this work would not be like Plaintiff's previous employment.

Plaintiff further argues that despite the fact that at the time of the hearing the ALJ did not have access to the opinions of Drs. McLean and Winer who opined that there was no solid fusion at the L5-S1 level, the Appeals Council should nonetheless have considered the

medical evidence. The Court finds that even assuming the ALJ had an opportunity to review and accept those opinions, there is still substantial evidence to support the ALJ's decision. Six months after surgery, diagnostic testing revealed only mild degenerative changes with "[n]o evidence of recurrent protrusion or herniation" (AR at 28, 233) and lumbar block therapy had produced good results. During May 2002 physical exams performed by Dr. Glacy, Plaintiff displayed "good motor function" with full strength in all his muscle groups (AR at 400, 401). Dr. Crandall found that Plaintiff's cervical, thoracic, and lumbar spine all had a normal range of pain free motion, no radiating leg pain, and no nerve root compression evidenced by the MRI (AR at 316, 318, 400). In June, 2002 Dr. Crandall found Plaintiff's condition to be stationary, requiring only supportive care, and compatible with sedentary employment. Dr. Maxwell also confirmed that while Plaintiff may have pain, this would not affect his ability to perform non-exertional functions. Additionally, the ALJ was aware that solid fusion may not have been achieved (AR at 29). Nevertheless, she concluded that subsequent medical exams did not support a finding of disability, and this conclusion is supported by the aforementioned substantial record evidence.

### B. Plaintiff's reported daily activities

There is substantial evidence to support the ALJ's finding that someone with the degree of discomfort alleged by Plaintiff would be unable to perform the daily activities Plaintiff described. "An ability to perform such activities may be seen as inconsistent with the presence of a condition which would preclude all work activity." Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990). Plaintiff is correct in his assertion that the ALJ need not objectively verify a plaintiff's daily activities to find them credible. The ALJ concedes this point; however, according to Social Security Ruling 96-97p and 20 CFR § 404.1529 a medically determinable physical or mental impairment must be present that could reasonably be expected to result in the pain alleged to have a significant effect on a disability decision (AR at 27). The ALJ found that the Plaintiff did indeed have medically determinable

impairments which would ordinarily result in some functional limitation and accompanying pain (AR at 28). The ALJ also found the Plaintiff's description of his daily activities to be credible, but inconsistent with someone having the *magnitude* of pain Plaintiff described. The ALJ did not state nor imply that a person need be entirely incapacitated to be considered disabled. Instead, she concluded that the discrepancies between the amount of daily activity Plaintiff described and the amount of pain he was experiencing worked as a disadvantage to Plaintiff's credibility (AR at 29).

The Plaintiff argues that the ALJ's reference to "something other than" the Plaintiff's medical condition as the source of his limitations is a general finding that the ALJ does not support with evidence from the record. The ALJ did not find "something other than" the Plaintiff's medical condition to be the source of his limitations, but does take into account that "nonanatomic findings have been observed" (Exhibit 19F/5). In other words, either the Plaintiff was not as limited as he asserted, or he was not experiencing the degree of pain he claimed (AR at 29). The ability to perform activities such as caring for personal needs, preparing simple meals, doing light household chores, and grocery shopping are inconsistent with the presence of a condition that would preclude all work activity. Fair v. Bowen, 885 F.2d 597 (9th Cir. 1989).

### C.    **Third-Party Statements**

The ALJ considered third-party statements, specifically those of Plaintiff's sister Ruth Foreman, and as required by law, gave reasons "germane to each witness" for her refusal to credit that information. Nguyen v. Chater, 100 F.3d 1462, 1467. While Ms. Forman indicated that Plaintiff was more limited than prior to his impairment, he was still able to do yard maintenance and daily chores, albeit with some degree of difficulty (AR at 93). Plaintiff's sister also stated that while Plaintiff may have difficulty walking long distances, his pain would ease upon taking prescribed pain medication. Medical impairments that reasonably can be remedied or controlled by medication or treatment are not disabling under

the Social Security Act, § 223(d)(1)(A). <u>Warre v. Comm'n of Soc. Sec. Admin.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ opined that the statements of Plaintiff's sister were consistent with the ALJ's finding that Plaintiff is able to perform sedentary work. Even if Ms. Foreman's statements were construed to be in opposition to the ALJ's findings, an ALJ may properly confer more weight on medical evidence than on lay witness testimony. <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001).

## II.     MEDICAL OPINIONS

This Court finds that the ALJ correctly resolved any discrepancies among the medical opinions given and has provided reasons for her findings. When presented with conflicting medical opinions in a social security disability proceeding, the ALJ must determine credibility and resolve the conflict. <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992). Where evidence exists to support more than one rational interpretation, this Court must defer to the ALJ's decision. <u>Batson</u>, 359 F.3d at 1193. The ALJ determined that Dr. Maxwell's opinion was worthy of greater weight than the opinions of Drs. Glacy and Craine. Although all were treating physicians, Dr. Maxwell performed Plaintiff's June 26, 2001 surgery (AR at 211) and continued to treat Plaintiff following the surgery (AR at 244-297, 512-522, 603). Therefore, he was able to "provide a detailed, longitudinal picture of medical impairment" 20 C.F.R. § 404.1527(d)(2). The ALJ chose to give greater weight to Dr. Maxwell's opinion than the opinions of Drs. Glacy and Craine because of Dr. Maxwell's extensive treatment history with Plaintiff. Dr. Glacy, although a treating physician, had only a seven month-long relationship with Plaintiff to substantiate his finding that Plaintiff could not perform even a limited range of sedentary work (Exhibit 17F/2). Dr. Craine treated Plaintiff for less than one year and, as an internist, Plaintiff's specific disability-related impairment was outside his area of expertise. Furthermore, the ALJ also noted that Dr. Maxwell's findings were supported by the medical evidence in the record, as well as by the medical opinions of Drs. Crandall and McLean (AR at 399, 564). The ALJ is not required to incorporate evidence from the

- 8 -

opinions of treating physicians, which are permissibly discounted. See <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1433 (9th Cir. 1995). The ALJ has provided substantial reasons for giving more weight to the opinion of Dr. Maxwell and, as such, the ALJ's decision is supported by substantial evidence.

### III. TREATING VERSUS NON-TREATING PHYSICIANS

The opinion of a treating physician must be given greater weight than that of a non-treating physician, and in the case of a conflict, the ALJ must "give specific, legitimate reasons for disregarding the opinion of a treating physician. <u>Matney</u>, 981 F.2d at 1019. As stated above, the ALJ properly gave substantial weight to the opinion of Dr. Maxwell. It was Dr. Maxwell's statement that Plaintiff could only sit, stand or walk for 15 minutes at a time that directly informed the ALJ's decision that Plaintiff was suited for sedentary work that permitted him to shift positions at will. The ALJ has not given more weight to any non-treating physicians in reaching her decision. The Court finds that there is substantial evidence that the ALJ gave greater weight to the opinion of a treating physician when making her disability determination.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joseph L. Archambeault's Motion for Summary Judgment is **DENIED**. (Dkt. 18).

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion for Summary Judgment is **GRANTED** and judgment is entered in favor of Commissioner and against Joseph L. Archambeault (Dkt. 22).

DATED this 10th day of July, 2007.

_____
Stephen M. McNamee
United States District Judge