1  **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9

10  Joseph L. Archambeault,              )      No. CV 06-0366-PHX-SMM
                                         )
11              Plaintiff,               )      **MEMORANDUM OF DECISION**
                                         )      **AND ORDER**
12  vs.                                  )
                                         )
13  Michael J. Astrue,[1]                )
    Commissioner, Social Security        )
14  Administration,                      )
                                         )
15                  Defendants.          )
    _____ )

16

17        Pending before the Court are Plaintiff Joseph L. Archambeault's Motion to Alter or

18  Amend Decision and Order and Judgment (Dkt. 31) and Plaintiff's Motion for Extension of

19  Time to File his Notice of Appeal (Dkt. 33) .  After consideration of Plaintiff's arguments,

    the Court finds the following.

20
                            **STANDARD OF REVIEW**
21
          On a Motion to Alter or Amend a judgment under Rule 59(e), a court may alter the
22
    judgment on four grounds: incorporation of an intervening change in the law, reflection of
23
    new evidence not available at the time of trial, correction of a clear legal error, or prevention
24

25  _____

26        [1] Michael J. Astrue became the Commissioner of Social Security on February 12,
    2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
27  Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the
    defendant in this suit.  No further action need be taken to continue this suit by reason of
28  the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1  of a manifest injustice. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063

2  (9th Cir. 2003), quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

3  Federal Practice and Procedure § 2810.1 (2d ed.1995).

4        The decision whether to alter or amend a judgment is generally committed to the

5  discretion of the trial judge. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991)

6  (Court of Appeals will review District Court's denial of motion for reconsideration for an

7  abuse of discretion).  However, where a party motions seeking a review of a motion for

8  summary judgment, a *de novo*, rather than the liberal discretionary standard applies.  Under

9  either standard, reconsideration of a judgment under Rule 59(e) is an extraordinary remedy

10  and is used only sparingly in the interests of finality and conservation of judicial resources.

11  *Carroll v. Nakatani 342 F.3d 934, 945* (9th Cir. 2000), citing 12 James Wm. Moore et al.,

12  Moore's Federal Practice § 59.30[4] (3d ed. 2003).

13  **DISCUSSION**

14        The Court has previously addressed the argument Plaintiff now makes in its Motion

15  to Amend and as such the motion is not proper under Rule 59(e) and applicable case law.

16  Where a motion for relief from summary judgment does not present any arguments not

17  previously raised in opposition to summary judgment, the motion should be  denied. *Taylor*

18  *v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).  Plaintiff concedes that it has already raised the

19  current argument twice before, once in its Opening Brief in Support of Motion for Summary

20  Judgment and once in its Reply Brief. (Dkt., pp.11-13); (Dkt. pp.8-10).

21        The Court has not made independent determinations about the meaning and

22  significance of medical opinion evidence, but has drawn directly from the ALJ's decision.

23        Plaintiff contends that the differing descriptions of Plaintiff's RFC warrant remand

24  for further consideration of the evidence.  However, where evidence exists to support more

25  than one rational interpretation, this Court must defer to the ALJ's decision. *Batson v.*

26  *Commissioner of Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004).  The

27

28  - 2 -

1   ALJ, within her discretion, chose to give significant weight to the opinion of treating

2   physician Dr. Maxwell. (AR, 30).  Dr. Maxwell, as stated in the ALJ's decision, found that

3   the Plaintiff retained the residual functional capacity (RFC) to sit and stand (15 minutes at

4   a time) and walk two hours (15 minutes at a time) during an eight hour workday. (AR, 30).

5   It was this medical finding, along with the other evidence in the record, that led her to

6   conclude that Plaintiff "retains the following residual functional capacity: sedentary work

7   ...requir[ing] the option to alternate between sitting and standing." (AR, 30-31).  As Dr.

8   Maxwell himself indicated that Plaintiff could do a substantial range of sedentary work, the

9   ALJ's inference is reasonable.  An inference reasonably drawn from the record is supported

10  by substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006), citing

11  *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir.

12  2004).  Thus, the Court finds the ALJ's decision is supported by substantial evidence.

13          The Court has not failed to discuss the contrary opinions of Drs. Maxwell and Glacy,

14  but has, as required by law, deferred to the ALJ to determine credibility and resolve medical

15  testimony conflicts. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).   Plaintiff

16  argues that the Court has "apparent[ly] fail[ed] to recognize, and articulate accurately,

17  qualitative differences in information from Richard Maxwell, M.D. (treating orthopedic

18  surgeon), and Stephen Glacy, M.D. (treating pain management specialist), during

19  overlapping but distinct periods of time."(Dkt. 32, p.2, n.2).  However, any discrepancies in

20  information provided by Dr. Maxwell and Dr. Glacy are for the ALJ, not this Court, to

21  resolve. *Id.* (when presented with conflicting medical opinions, it is for the ALJ to determine

22  credibility and resolve the conflict).  The ALJ chose to give greater weight to Dr. Maxwell's

23  opinion and has provided reasons for such decision. (AR, 30). The Court discussed these

24  reasons in its Order, finding that the ALJ "correctly resolved any discrepancies among the

25  medical opinions given and has provided reasons for her findings." (Dkt. 30, p.8).  Therefore,

26

27

28                                        - 3 -

1   the Court reaffirms its finding that the ALJ's decision is supported by substantial evidence,

2   and the Plaintiff is not disabled as defined by the Social Security Act.

3                                                   **CONCLUSION**

4            Accordingly,

5            **IT IS HEREBY ORDERED** that Plaintiff Joseph L. Archambeault's Motion to Alter

6   or Amend Decision and Order and Judgment is **DENIED**. (Dkt. 32).

7            **IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension fo Time to File

8   his Notice of Appeal is **GRANTED**.  Plaintiff shall have until October 24, 2007 to file his

9   Notice of Appeal.  (Dkt. 33).

10          DATED this 13th day of September, 2007.

11

12

13

14                                          Stephen M. McNamee
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           - 4 -